IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY LAM, ) | |
|     Petitioner, ) | Civil Action No. 09-222 Erie |
| ) | |
| v. ) | District Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO QUINTANA, et al., ) | |
|     Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is recommended that the Petition For Writ Of Habeas Corpus be dismissed as moot.

**II.  REPORT**[1]

    **A.  Background**

On June 13, 2008, Petitioner was sentenced in the U.S. District Court for the District of New Jersey to a 63 month term of imprisonment with a five year term of supervised release to follow for Conspiracy to Distribute Marijuana and Possession of a Firearm with an Obliterated Serial Number, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 922(k) & 2.  The Bureau of Prisons (the "BOP") designated him to the Federal Correctional Institution ("FCI") McKean, which is located in Bradford, Pennsylvania.

At FCI McKean, Petitioner submitted an Informal Resolution request in which he sought 12 months of placement in a Residential Re-Entry Center (an "RRC") under the Second Chance Act

---

[1]  All "Ex." citations are to those documents attached to Respondent's Answer [ECF No. 10].

1

("SCA") and a one year reduction in sentence under 18 U.S.C. § 3621(e)(2)(B). [Ex. 1b, at p. 2, Administrative Remedy Case Number 545957]. In a Response dated June 24, 2009, Petitioner's Correctional Counselor advised that although he was considered for a maximum RRC placement, it was determined that a RRC placement of 180 days was of sufficient duration to provide the greatest likelihood of successful reintegration into the community. He was also advised that he was deemed ineligible for early release based upon the application of a two point sentencing guidelines enhancement for possession of a firearm in connection with his underlying offense. [Id. at p. 3].

Petitioner submitted a Request for Administrative Remedy with the Warden in which he requested maximum RRC placement based upon his participation in the BOP's Residential Drug Abuse Treatment Program ("RDAP") and the provisions of the SCA. [Id. at p. 1]. The Warden denied his request. [Id. at p. 4].

Petitioner appealed the Warden's Response to the Northeast Regional Office. [Id. at p. 5]. That appeal was denied. [Id. at p. 6]. The Regional Office's Response advised Petitioner that if he was not satisfied with its Response, he could submit an appeal to the Central Office. Petitioner was advised that his Central Office Appeal must be received in the Office of General Counsel within 30 calendar days of the date of the Region's Response. [Id.].

Petitioner did not appeal the Regional Office's Response. [Ex. 1 at ¶ 6, Declaration of Vanessa Herbin-Smith]. Instead, he filed the instant petition in which he challenged the decision that he would receive only 180 days of RRC placement. As relief, he requested that this Court direct that BOP to reconsider him for 12 months placement.[2] [ECF No. 3 at 1].

---

[2] In his request for relief, Petitioner also seeks an order from this Court that terminates his supervised release. Only the sentencing court (here, the U.S. District Court for the District of New Jersey) has the authority to modify the term of supervised release. 18 U.S.C. § 3583(e); see also Burkey v. Marberry, 556 F.3d 142, 146 n. 3 (3d Cir. 2009), cert. denied, — U.S. —, 130 S.Ct. 458 (2009), citing Gozlon-Peretz v. United States, 498 U.S. 395, 400-01 (1991) and United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997).

After Petitioner filed the instant action, he met with his Unit Team. They determined that he would be recommended for 12 months of RRC placement. They decided that under his particular circumstances, and in order to maintain continuity in his drug treatment/aftercare, he would have the greatest likelihood of successful reintegration into the community with a longer RRC placement. Also, they found that the longer RRC placement would increase his support system and recovery networking with community agencies. [Ex. 2 at ¶ 2, Declaration of Shirley White; Ex. 2a at p. 9]. Thus, the issues of this case have been resolved without the need for federal habeas involvement.

### B. Discussion

The mootness doctrine derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477.

Since Petitioner has received the relief he requested in his petition, no case or controversy exists and the petition must be dismissed as moot.[3]

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act, as codified at 28 U.S.C. § 2253, set forth standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be dismissed as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: June 17, 2011 /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge


cc: The Honorable Sean J. McLaughlin
      United States District Judge